Turley, J.
delivered the opinion of the court.
This is an action brought before a justice of the peace against the defendant, as the endorser of a note made payable in current bank notes, and removed to the circuit court by appeal.
The endorsement is in the usual form, viz: “I assign the within note to William Kirkpatrick for value received.” Thejury found a verdict in favor of the endorser upon which judgment was rendered, to reverse which an appeal in the nature of a writ of error is prosecuted to this court.
The bill of exceptions shows that John M. Donaldson one of the makers of the note, had left the county of Hawkins where he resided, previous to the endorsement, and had not since returned, and this was all the proof in the case.
The case in the circuit court turned upon the question of due diligence on the part of the endorser. The judge charged the jury that “to entitle the plaintiff to recover he must shew that he made a demand of the maker and gave notice of the non-payment to the endorser, and this must be done although the note *172 was due at the .time of the assigment. That if the maker is not at home and his usual place of residence is known, demand must there be made and notice given.” The law is laid down correctly in this charge. But a graver question arises in this case, which strikes at the root of the endorsee’s rights against the endorser, and that is could diligence the most strict have charged him- By the law merchant, the endorsers of all negotiable parper are liable for its redemption, upon the exercise of reasonable diligence on the part of the holder; what this reasonable diligence is, is well settled, and need not here be inquired into. Is this paper negotiable, is the question for consideration: no paper is negotiable, which is not payable in money and without contingency. This is a principle so well established, that it would seem to be unnecessary to refer to authorities for its support. We will however cite a few from our own reports: Looney vs. Pinckston, 1st Tennessee Rep. 884; i(a note for money which may be discharged by the delivery of a negro, is not negotiable.” Childress vs. Stewart, Peck’s Rep. 276, “a note payable in bank bills is not anote for money, and therefore not negotiable,” Lawrence vs. Dougherty & Gwin, 5 Yerg. 435; “a note for money which may be discharged in cotton, is not a note for the payment of money but property, and therefore not negotiable.” In the case of Gamble vs. Hatton & Whyte, (Peck’s Rep. 130,) the court decided that debt will not lie upon a note for six hundred and twenty-nine dollars in current bank notes, because current bank notes do not mean gold and silver, and all the plaintiff can ask in case of nonperformance of the. contract would be as much money in gold and silver as the bank notes were worth at the time. This decision has been invariably followed by the courts of this State ever since, and be it right or wrong has been too well settled to be now shaken. The necessary result is, that a note payable in current bank notes is not a note for the payment of money, for if it were, debt would lie by all the authorities; not being for the payment of money it is not negotiable. What are the liabilities of the endorser of paper which is not negotiable? He is only responsible when he specially contracts to be so, or where he transfers paper fraudulently, and in the lat* *173 ter case not upon the endorsement, but by special action for the consideration paid by the endorsee. In the case cited from 1st Tennessee Rep. 384, it is held that the assignor of paper not negotiable is not liable unless he has been guilty of fraud. In the case cited from 5 Yerg. 435, it is held that the endorser of a property contract is not liable by the law merchant. These authorities seem to be and indeed are conclusive upon the case under consideration. But the supreme court of this State in the case of Childress vs. Stewart before referred to, and the case of Deberry vs. Reader, 5 Yerg. 451, have held principles totally at war with the legal analogy of the cases cited, in fact as we conceive, so contradictory to them that they cannot stand together.
Judge Haywood says in the case of Childress vs. Stewart that although a note payable in bank bills is not negotiable, yet the assignee may hold the assignor responsible under the act of 1801, ch. 6, sec. 54, which authorises a suit in the name of the assignee upon bills and notes for specific articles. This is a provision of the statute, which was intended only to make such contracts assignable and to give the assignee an action in his own name against the maker. In the case of Lawrence & Dougherty, 5 Yerg. 535, the proposition above asserted by Haywood is denied expressly. In that case it is said; “that the endorser was not liable by form of the statute was decided twenty years ago, in the case of Loony vs. Pinkston, which decision we feel it our duty and inclination not to disturb.” The case of Childress & Steioart then upon this point is not law.
In the case of Deberry vs. Darnell & Reader, judge Catron who delivered the opinion of the court says, “that the note is negotiable and the endorser liable in an action on the case sounding in damages, we have no doubt.” This was a note payable in North Carolina bank notes, and an action of debt had been brought against the endorser and the only question in the case was whether this action would lie; it was held that it would not —the observation of Catron judge, upon the endorser’s liability in an action on the case is obiter and entitled to no weight as an adjudged principle. In the case of Lawrence vs. Dougherty & Gwin, the same judge says, “that notes made payable in bank *174 notes have been treated as negotiable in England and New York.” This is true, but why? Because they are there held to be notes for the payment of money and not specific articles, the value of which is to be scaled by a jury. But here we have held otherwise: they are not for money — therefore debt will not lie upon them. If not for money, the endorser is not responsible by the law merchant, and so Haywood felt when he rested the liability upon the act of 1801. But judge Catron considers negotiable bank notes as being quasi money. This blowing hot and cold cannot be permitted. A note payable in current bank notes is a note for money or it is not: it cannot be money for one thing and not money for another. We are compelled by the weight of authority to say that is not for money, and therefore not negotiable, and as a necessary consequence that the endorser is not responsible by the custom of merchants. The judgment of the circuit court is therefore correct and will be affirmed.